OPINION
Appellant, Clyde Stephens, appeals from the judgment and sentence of the Trumbull County Court of Common Pleas.
On July 27, 1999, the Trumbull County Grand Jury indicted appellant on one count of aggravated assault, with a firearm specification, in violation of R.C. 2903.12(A)(2) and 2941.145, a felony of the fourth degree, and one count of having a weapon while under a disability, in violation of R.C. 2923.13(A)(2), a felony of the fifth degree. The charges stemmed from an incident, on April 3, 1999, during which appellant shot David Hollie ("Hollie") in the back of the neck.
A jury trial commenced on February 20, 2001. Review of the trial transcript reveals that, on April 3, 1999, appellant lived in one half of a duplex located at 125 Palmyra Road, in Warren, Ohio. Roberta Hughley ("Hughley"), her husband, and, occasionally, her nineteen year-old son, Hollie, lived in the other half of the duplex.
At trial, the State called Hollie, Tiara Hill, Hughley, Officer Ed Hetmanski, Officer Chris Clemente, and Detective Gary Fonce.
Hollie testified that, on the day in question, he confronted appellant about a couple of disputes between appellant and Hollie's parents. Hollie attested that he went outside, pointed his finger in appellant's face, told appellant to stop "messing" with his people, and pushed appellant in the chest. Hollie testified that appellant reached into his back pocket and pulled out a black gun. Upon seeing the gun, Hollie ran. As he was running, he heard a gunshot and felt a pain in the back of his head.
Tiara Hill, a nine year-old neighbor, testified that she saw appellant and Hollie pushing each other and that appellant fired his gun after Hollie began to run away.
Hughley testified that, at approximately 3:00 p.m. on April 3, 1999, she got into an argument with appellant. After she informed her son about the argument, he went outside to confront appellant. Hughley testified that she heard gunshots and ran outside where she found her son on a neighbor's porch. She testified that she told appellant, "you better hope to God he's living." She alleged that appellant threatened to shoot her too.
Officer Edward John Hetmanski and Officer Christopher Clemente, of the Warren Police Department, testified that at approximately 3:15 p.m. on the date in question, they were dispatched to a neighborhood dispute between appellant and Hughley. Approximately twenty or thirty minutes later, they were again dispatched to the same location regarding a shooting. When they arrived, they found Hollie bleeding from an apparent gunshot wound on the back of his neck.
Detective Gary Fonce ("Det. Fonce"), of the Warren Police Department, testified that a neighbor, Tiara Hill, identified appellant as the shooter. Det. Fonce also attested that he read appellant his Miranda
rights, appellant waived his Miranda rights, and agreed to answer questions. Det. Fonce further testified that, during the questioning, appellant told him that Hollie pushed him and appellant took out his gun and fired three shots in self-defense.
After the close of the state's case in chief, appellant moved for an acquittal, pursuant to Crim.R. 29. His motion was denied.
The defense called the following witnesses: appellant; Reverend Edgar Fisher; and, Archie Hemingway. Appellant testified that, on the day in question, he was involved in two altercations with Hollie. In the first altercation, Hollie threatened appellant and punched him. Appellant went inside his residence and called the police. A short while after the police had left, appellant went to his car. As he got into his car, Hollie came over, pushed him, and threatened to kill him. Appellant testified that he lost his balance, reached into his belt, obtained his gun, and began firing backwards.
Appellant further attested that, in 1995, he was convicted of two felonies. He was informed by his probation officer that he was under a disability to have a gun for three years. Appellant admitted he knew that, as a convicted felon, he had to petition the court for permission to carry a gun. Despite this, appellant admitted that he failed to petition the court, but had purchased, carried, and used a firearm.
Appellant attested that, at the conclusion of his probation, he received a journal entry terminating his probation and restoring his "rights of citizenship including his right to be a juror, hold office of honor, trust or profit * * *." Appellant attested that he believed that this journal entry also restored his right to possess firearms. Additionally, he stated that the police had confiscated a rifle which he had purchased from a gun shop, but had returned it to him after thirty days. Thus, appellant claims, he had the right to possess firearms.
Reverend Edgar Fisher, pastor of Friendship Baptist Church, testified that appellant called him on the day in question, and said, "They're after me." Rev. Fisher opined that appellant seemed scared to death.
Archie Hemingway ("Hemingway"), a neighbor who witnessed both incidents, testified that the two tussled and appellant's gun went off; however, he did not see the gun.
After the close of all the evidence, appellant again moved for an acquittal pursuant to Crim.R. 29. The court denied appellant's motion.
The jury returned a verdict of guilty on both counts of the indictment, including the firearm specification. The trial court entered judgment on the verdict and ordered a pre-sentence investigation report. Prior to sentencing, appellant moved for a new trial pursuant to Crim.R. 33. After a hearing, the court denied appellant's motion for a new trial. Appellant was sentenced to six months in prison on each count, to run concurrently, and three years for the firearm specification, to be served prior to and consecutive with the previous sentence, for an aggregate sentence of three and one-half years.
From this judgment and sentence appellant appealed, raising the following assignments of error:
 "[1.] The appellant's conviction for aggravated assault was not supported by the evidence.
 [2.] The appellant's conviction for aggravated assault is against the manifest weight of the evidence.
 [3.] The appellant's conviction for having weapons while under disability was not supported by the evidence.
 [4.] The appellant's conviction for having weapons while under disability is against the manifest weight of the evidence."
At the outset, we note that appellant presents four assignments of error for our review, consisting of two sufficiency arguments and two manifest weight arguments. The crux of each of these issues is the credibility of the witnesses. "On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. In the instant case, the jury clearly found the prosecution's witnesses more credible than the defendant and his witnesses. Upon review, we cannot conclude that the trier of fact clearly lost its way and created a manifest injustice that would require a new trial.
In appellant's first assignment of error, he argues that, because the state never refuted his assertion of self-defense, his conviction for aggravated assault was not supported by sufficient evidence, thus, the trial court erred in failing to grant his motion for acquittal and his motion for a new trial. Appellant also argues that the state failed to prove the requisite mens rea.
"Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman
(1978), 55 Ohio St.2d 261, syllabus. "When reviewing a claim of insufficient evidence, the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jalowiec, 91 Ohio St.3d 220, 228,2001-Ohio-26; citing Jackson v. Virginia (1979), 443 U.S. 307, 319; Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Pursuant to Crim.R. 33 (A)(4), a new trial may be granted when "the verdict is not sustained by sufficient evidence or is contrary to law." Thus, Crim.R. 29 and Crim.R. 33(A)(4) motions are reviewed, under the same standard of review: whether a rational factfinder, viewing the evidence in a light most favorable to the prosecution, could have found the essential elements were proven, beyond a reasonable doubt.
To convict appellant of aggravated assault, the state was required to prove that "* * * while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, * * *" did knowingly "[c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance * * *." R.C. 2903.12(A)(2).
The evidence demonstrates, and appellant concedes in his brief, that appellant was under the influence of sudden passion due to serious provocation occasioned by Hollie. Further, it is undisputed that appellant caused physical harm to Hollie by means of a deadly weapon. Thus, the only issue presented is whether the state proved that appellant acted "knowingly."
The definition of "knowingly" is found in R.C. 2901.22(B), which provides that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." Id.
In the instant case, appellant testified that during a tussle with Hollie, he discharged a loaded weapon in Hollie's direction. Regardless of whether appellant's purpose was to shoot Hollie or just scare him, the record contains evidence, which, viewed in a light most favorable to the state, demonstrates that appellant acted knowingly. Under these circumstances, appellant's action of discharging a weapon in Hollie's direction, during a tussle, "without really aiming," constitutes conduct that will probably result in a gunshot wound.
Further, Hollie and Hill testified that appellant shot Hollie as Hollie ran away. Hollie was, in fact, shot in the back of the neck. Thus, despite appellant's trial testimony that he stated he fired backwards while bent over, the record contains evidence demonstrating that appellant acted knowingly. Much of the testimony presented rested on the credibility of the witnesses. "[T]he credibility of the witnesses, both that of the prosecution and appellant, were critical issues for the jury to decide, and this court will not disturb those findings on appeal unless the testimony in question was completely lacking in credibility."State v. Jaryga, 11th Dist. No. 99-L-179, 2001-Ohio-7065, at ¶ 111; citing State v. Namey (Oct. 6, 2000), 11th Dist. No. 99-A-0003, 2000 Ohio App. LEXIS 4652. Accordingly, viewing the evidence in a light most favorable to the state, we conclude that a rational factfinder could have found the essential elements of aggravated assault were proven beyond a reasonable doubt.
Next we will address appellant's claim of self-defense. In order to establish self-defense, a defendant must prove: "(1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger." State v. Barnes,94 Ohio St.3d 21, 24, 2002-Ohio-68.
Apparently, the issue of a diminished duty to retreat when a person is in his domicile, or on the curtilage surrounding it, was a non-issue in the instant case. Since neither party raised the issue, we will not address it.
The record supports the contention that appellant did not have a bona fide belief that he was in imminent danger of death or great bodily harm, since both Hollie and Hill testified that Hollie was shot as he ran away. No one disputes that Hollie was shot in the back of the neck, ergo, he was facing away from appellant at the time he was shot.
"[T]he assessment of credibility lies within the sound discretion of the trier of fact, whose assessment will not be overturned on appeal unless the testimony in question was completely lacking credibility."State v. Williams (1996), 115 Ohio App.3d 24, 45. In the instant case, the jury determined the credibility of the witnesses and chose to believe the prosecution's account of the incident.
Further, it is well settled that the "law allows a person confronted with a threat of death or great bodily harm to utilize deadly force in self-defense. * * * However, to allow a person confronted with non-deadly force to utilize deadly force in self-defense would be inherently unreasonable." State v. Speakman (Mar. 21, 2001), 4th Dist. No 00CA0035, 2001-Ohio-2437, 2001 Ohio App. LEXIS 1489, at *12. The trial court properly instructed the jury that "if the force used is so greatly disproportionate to his apparent danger as to show an unreasonable purpose or to injure David Hollie, the defense of self-defense is not available."
Regardless of whether the jury believed that Hollie threatened to kill appellant, the jury correctly determined that appellant's use of deadly force was so greatly disproportionate that it negated the defense of self-defense. The record is devoid of any evidence that appellant had a reasonable and honest belief that he was in imminent danger of death or great bodily harm necessitating the use of deadly force. Because of the age disparity and the physical differences, it is not per se unreasonable to find that a seventy-three year old man engaged in a physical altercation with an unarmed nineteen year-old could have a reasonable and honest belief of imminent danger of death or great bodily harm. However, that is not the case here. Again, we note that it is undisputed that appellant was shot in the back of the neck and, above all else, this is a credibility issue. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, he argues that, in light of the evidence presented with regard to self-defense, the jury clearly lost its way in convicting appellant of aggravated assault.
When reviewing a claim that the judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175. "A reviewing court may not reverse a judgment of conviction in a criminal case in a trial court, where the record shows that a verdict of guilty was returned by a jury on sufficient evidence and where no prejudicial error occurred in the actual trial of the case or in the instructions given the jury by the court." State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph two of the syllabus. Thus, a reviewing court must defer to the trier of fact's findings with regard to the weight of the evidence and the credibility of the witnesses.
As discussed supra, Hollie and Hill testified that appellant caused physical harm to Hollie by shooting him with a deadly weapon as he ran away. Their testimony, if believed, provides sufficient evidence that appellant committed the offense of aggravated assault. The record does not reveal any prejudicial error in the trial of the case or in the instructions given to the jury. Thus, after reviewing the record and weighing the evidence presented by the prosecution, including all reasonable inferences, and considering the credibility of the witnesses, we conclude that the jury did not lose its way or create a manifest miscarriage of justice. Appellant's second assignment of error is without merit.
In appellant's third assignment of error, he argues that his conviction for having a weapon under disability was not supported by sufficient evidence. Appellant urges this court to extend the rationale in State v.Hardy (1978), 60 Ohio App.2d 325, 329 "to include a reasonable reliance upon an incomplete or mistaken order of a court of competent jurisdiction."
To convict appellant of having a weapon under disability, the state was required to prove that appellant, having not been relieved of his disability under R.C. 2923.13(A)(2), did knowingly acquire, have, carry, or use a firearm, without obtaining relief from such prohibition in the court of common pleas in the county where he resides. R.C. 2923.13
Review of the record reveals that appellant testified that he purchased, carried, and discharged a firearm, while under a disability, without obtaining relief from the prohibition in the court of common pleas in the county where he resides. Thus, appellee proved the statutory elements of the offense.
Appellant testified that he did not apply for relief from the prohibition because of the journal entry he received referencing his right to be a juror and to hold office and because he allegedly had a rifle confiscated and subsequently returned by the Warren police. However, the journal entry does not state that appellant had been relieved from the prohibition of carrying a firearm. Further, appellant offered no evidence to support his testimony regarding the confiscated and subsequently returned rifle.
In Hardy, the court held that "the prohibitions of R.C. 2923.21 do not restrict the right of an individual under disability from acting in self-defense, when he did not knowingly acquire, have, carry or use a firearm previously." The instant case is distinguishable because appellant did knowingly acquire, have, carry and use a firearm previously. Unlike Hardy, appellant owned and was carrying the very gun he used against Hollie. Thus, we decline to extend the rationale in Hardy to a situation which is clearly distinguishable from the facts therein.
Appellant's third assignment of error is without merit.
In appellant's fourth assignment of error, he argues that his conviction for having a weapon while under a disability is against the manifest weight of the evidence.
Upon review of the entire record, we cannot conclude that the jury clearly lost its way and created such a manifest miscarriage of justice that a new trial is necessary. To the contrary, the verdict was consistent with the evidence presented by appellant's testimony. Thus, appellant's fourth assignment of error lacks merit.
Based on the foregoing, the judgment of the Trumbull County Court of Common Pleas is affirmed.
JUDITH A. CHRISTLEY, P. J., DIANE V. GRENDELL, J., concur.